CAROLE GEDDES, SOLE HEIR AT LAW OF JANE T. SCHIRMER, DECEASED, APPELLANT, V. YORK COUNTY, NEBRASKA, APPELLEE.

729 N.W.2d 661

Filed March 23, 2007.    No. S-05-1359.

Kelly M. Thomas, of Svehla, Thomas, Rauert & Grafton, P.C., for appellant.

Charles W. Campbell, of Angle, Murphy, Valentino & Campbell, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Under the Political Subdivisions Tort Claims Act (PSTCA),[1] a claimant must file a tort claim with the governing body of the political subdivision before filing suit. If the governing body has not made final disposition of the claim within 6 months after it is filed, the claimant may withdraw the claim and file suit. Jane T. Schirmer filed a tort claim with York County, Nebraska, on April 21, 2003, and withdrew the claim no later than October 21. At the time of the withdrawal, the county had not made a disposition of the claim. The issue in this appeal is whether Schirmer met the statutory requirement for timely withdrawal of the claim before filing her suit. We conclude that she did not.

## BACKGROUND

On April 18, 2003, Schirmer's attorney mailed her tort claim to the York County clerk. Schirmer's claim alleged that on or about July 10, 2002, she was injured due to the negligence of an agent of the county. The clerk's office received the claim on April 21 and, following its usual practice, affixed a file stamp bearing that date. A return receipt confirms that the notice was delivered to and received by the clerk's office on April 21. The county clerk submitted the claim to the York County Board of Commissioners for review at its next regular meeting and furnished a copy to the county attorney. At its meeting on April 29, the county board

---

[1] Neb. Rev. Stat. §§ 13-901 to 13-926 (Reissue 1997 & Cum. Supp. 2002).

reviewed the claim but took no action on it then or at any subsequent time.

In a notice dated October 20, 2003, directed to the county clerk, Schirmer's attorney stated in part: "You are hereby notified that more than six (6) months has [sic] expired from the date [Schirmer's] claim was filed with you, without final disposition by you, and accordingly, claimants [sic] herewith withdraw their [sic] claim and will file suit against you as provided by law." An employee of Schirmer's attorney swore by affidavit that this document was mailed on October 20 by certified mail, return receipt requested, and was not hand delivered to the clerk's office. Other evidence reflects that the notice of withdrawal was delivered to and received by the clerk's office on October 21. However, the notice was date stamped by the county clerk's office on October 20, which would ordinarily mean that it was received on that date. The county clerk did not recall whether the notice was hand delivered or received by mail.

On May 7, 2004, Schirmer initiated this action by filing a complaint in the district court for York County. She alleged that she was injured as the proximate result of negligent conduct by an employee of the county and sought compensatory damages. Schirmer also alleged that she met the notice and withdrawal requirements of the PSTCA. In its answer, the county affirmatively alleged that Schirmer failed to comply with the requirement of § 13-906 because she withdrew her claim from county consideration before 6 months had passed from the date of its filing.

Schirmer died on April 6, 2005, during the pendency of this case. By stipulation, the county consented to the revival of Schirmer's action by Carole Geddes, her sole heir. The district court subsequently ordered revivor of the action in Geddes' name.

On September 2, 2005, the county moved for summary judgment on the basis that Schirmer had failed to comply with the requirement of § 13-906 because she withdrew her claim filed with York County before 6 months had passed from the date of filing when the county had not yet made final disposition. The district court held an evidentiary hearing at which evidence was received from both parties. At a second evidentiary hearing, Geddes was allowed to withdraw her rest and offer a supplemental affidavit, which the court received.

On October 17, 2005, the district court entered an order granting summary judgment in favor of the county and dismissed the case with prejudice. Applying the language of § 13-906, the court determined that the county had until the close of October 21, 2003, "to render or not render a final disposition" of the claim. The court concluded that because Schirmer withdrew her claim before the end of that period, her action was not in compliance with the PSTCA and the statute of limitations barred refiling. Geddes timely appealed, and we moved the appeal to our docket on our own motion, in accordance with our authority to regulate the caseloads of the appellate courts of this state.[2]

## ASSIGNMENT OF ERROR

Geddes assigns, restated and consolidated, that the district court erred in determining that she prematurely withdrew her tort claim from York County and therefore did not file her action in compliance with the procedural requirements of the PSTCA.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[3] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[4]

■ Statutory interpretation presents a question of law.[5] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court.[6]

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

[3] *Brodine v. Blue Cross Blue Shield*, 272 Neb. 713, 724 N.W.2d 321 (2006).

[4] *Id.*

[5] *State v. County of Lancaster*, 272 Neb. 376, 721 N.W.2d 644 (2006).

[6] *Id.*

## ANALYSIS

■■ York County is a political subdivision of the State of Nebraska.[7] The PSTCA reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision.[8] It is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees.[9] Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.[10]

■ The PSTCA specifies various nonjudicial procedures which we have characterized as conditions precedent to the filing of a lawsuit, and a claimant's failure to follow these procedures may be asserted as an affirmative defense in an action brought under the PSTCA.[11] Here, it is undisputed that Schirmer filed a written tort claim with the county clerk pursuant to § 13-905. But York County asserted an affirmative defense of noncompliance with § 13-906, which provides:

> No suit shall be permitted under the [PSTCA] and sections 16-727, 16-728, 23-175, 39-809, and 79-610 unless the governing body of the political subdivision has made final disposition of the claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act and sections.

Because compliance with the statutory time limits set forth in § 13-906 can be determined with precision, the doctrine of

---

[7] See § 13-903(1). See, also, *Salts v. Lancaster Cty.*, 269 Neb. 948, 697 N.W.2d 289 (2005); *Guenzel-Handlos v. County of Lancaster*, 265 Neb. 125, 655 N.W.2d 384 (2003).

[8] *Hatcher v. Bellevue Vol. Fire Dept.*, 262 Neb. 23, 628 N.W.2d 685 (2001).

[9] *Jessen v. Malhotra*, 266 Neb. 393, 665 N.W.2d 586 (2003); *Keller v. Tavarone*, 265 Neb. 236, 655 N.W.2d 899 (2003). See § 13-902.

[10] *Johnson v. State*, 270 Neb. 316, 700 N.W.2d 620 (2005); *Butler Cty. Sch. Dist. No. 502 v. Meysenburg*, 268 Neb. 347, 683 N.W.2d 367 (2004).

[11] See, *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005); *Big Crow v. City of Rushville*, 266 Neb. 750, 669 N.W.2d 63 (2003).

substantial compliance has no application.[12] It is undisputed that Schirmer's claim was filed on April 21, 2003, and that the county board never made a final disposition. The sole issue in this appeal is whether Schirmer withdrew her claim before expiration of the 6-month time period specified in § 13-906, resulting in the failure of a condition precedent to the filing of her lawsuit under the PSTCA.

### COMPUTATION OF 6-MONTH PERIOD

Nebraska has a statutory rule for computing time. Neb. Rev. Stat. § 25-2221 (Cum. Supp. 2006) provides in relevant part:

> Except as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed as provided in this section, in which event the period shall run until the end of the next day on which the office will be open.

This provision establishes a uniform rule applicable alike to the construction of statutes and to matters of practice.[13] We have regularly applied § 25-2221 and its predecessors in computing time periods specified in other statutes.[14]

Based upon the initial clause of § 25-2221, Geddes argues that the statute does not apply to the calculation of the 6-month time period under § 13-906 because a different method of time computation is specified elsewhere in the PSTCA which governs all

---

[12] See *Big Crow v. City of Rushville, supra* note 11.

[13] *Ruan Transport Corp. v. Peake, Inc.*, 163 Neb. 319, 79 N.W.2d 575 (1956); *State ex rel. Smith v. Nebraska Liquor Control Commission*, 152 Neb. 676, 42 N.W.2d 297 (1950).

[14] See, *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994); *Ruan Transport Corp. v. Peake, Inc., supra* note 13; *State ex rel. Smith v. Nebraska Liquor Control Commission, supra* note 13; *Wilson & Co. v. Otoe County*, 140 Neb. 518, 300 N.W. 415 (1941); *McGinn v. State*, 46 Neb. 427, 65 N.W. 46 (1895).

time periods set forth in the act. Section 13-919(1) provides that suits permitted by the PSTCA must be commenced within 2 years after the claim accrued, subject to the following exception:

> The time to begin a suit shall be extended for a period of six months from the date of mailing of notice to the claimant by the governing body as to the final disposition of the claim or from the date of withdrawal of the claim from the governing body under section 13-906 if the time to begin suit would otherwise expire before the end of such period.

Geddes argues that §§ 13-906 and 13-919(1) should be read in pari materia so that the 6-month period in which the governing body may consider the claim before it can be withdrawn would start to run on the day the claim was received, rather than on the following day under § 25-2221.

We are not persuaded by this argument. The language in § 13-919(1) quoted above describes a specific circumstance in which the limitations period for filing suit may be extended. The fact that the Legislature chose to use a date of mailing to denote the first date of that period does not suggest an intent to override § 25-2221 with respect to other time periods specified in the PSTCA. We decline to extend the language of § 13-919(1) beyond its limited context.

■ Using the time computation method specified in § 25-2221, we exclude April 21, 2003, the date on which Schirber filed her claim, so that the 6-month period began on April 22, 2003. Unless the context shows otherwise, the word "month" used in a Nebraska statute means "calendar month."[15] A calendar month is a period terminating with the day of the succeeding month, numerically corresponding to the day of its beginning, less one.[16] Applying §§ 25-2221 and 49-801(13), we conclude that the district court correctly determined October 21, 2003, to be the last day of the 6-month period which commenced when Schirmer filed her claim with the county clerk.

---

[15] See *State ex rel. Wieland v. Beermann, supra* note 14. See, also, Neb. Rev. Stat. § 49-801(13) (Reissue 2004).

[16] *State ex rel. Wieland v. Beermann, supra* note 14.

## DATE CLAIM MAY BE WITHDRAWN

We must next determine whether Schirmer's withdrawal of the claim was premature. The evidence reflects that the claim was withdrawn on either October 20 or 21, 2003. Because we are reviewing a summary judgment, we give Geddes the favorable inference of the later date. Geddes contends that § 13-906 allows a claimant to withdraw a tort claim on the last day of the 6-month period after filing notice of the claim with the appropriate governing body. The district court, on the other hand, determined that a governing body has a full 6 months to render or not render a final disposition after which the claimant may then withdraw the claim. On the undisputed facts of this case, the difference between the two interpretations is a single day.

■ Absent anything to the contrary, statutory language is to be given its plain and ordinary meaning.[17] Section 13-906 states, in relevant part, that "if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit." The key phrase for purposes of this case is "within six months after it is filed," which designates the period in which the governing body may consider a tort claim before it can be withdrawn for purpose of filing suit. "Within" is defined as "not beyond in . . . time" or "before the end of."[18] The plain and ordinary meaning of the phrase "within six months" includes the last day of the 6-month time period. As we have noted, the language of § 13-906 explicitly provides that "no suit can be brought in district court unless 6 months have passed without a resolution of a properly filed claim by the political subdivision."[19] Similarly, we have construed an analogous provision in the State Tort Claims Act[20] as

---

[17] *White v. White*, 271 Neb. 43, 709 N.W.2d 325 (2006).

[18] Webster's New World College Dictionary 1535 (3d ed. 1996); Merriam-Webster's Collegiate Dictionary 1355 (10th ed. 2001).

[19] *Big Crow v. City of Rushville, supra* note 11, 266 Neb. at 754, 669 N.W.2d at 66.

[20] Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2003).

requiring the State Claims Board be given at least 6 months to consider a claim before suit may be filed.[21]

There is some conflicting language in two of our cases arising under the State Tort Claims Act. In *Collins v. State*,[22] we were presented with a statute of limitations issue where the claimant elected to leave her claim pending before the State Claims Board until it reached a final determination. In presenting the facts, we stated that the claimant "alleged that on November 1, 1999, she filed a claim with the State Claims Board . . . . May 1, 2000, was the date at which [claimant] could withdraw her claim."[23] Likewise, in *Hullinger v. Board of Regents*,[24] another case presenting a statute of limitations issue under the State Tort Claims Act, we noted that the claimant "filed his claim with the claims board on March 24, 1992" and was thus prevented by § 81-8,213 from "withdrawing his claim until 6 months after he made his written claim to the claims board." We noted that "the first day on which he could withdraw his claim would be September 24, 1992."[25] However, the claim was not withdrawn until several months after that date.

The precise date on which the claim could be withdrawn was not determinative of the outcome in either *Collins* or *Hullinger*. A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court.[26] To the extent that language in *Collins* and *Hullinger* conflicts with our analysis regarding computation of the 6-month period specified in § 13-906, that language is disapproved.

---

[21] See *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), *overruled on other grounds, Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002). See, also, § 81-8,213.

[22] *Collins v. State, supra* note 21.

[23] *Id.* at 269, 271, 646 N.W.2d at 619, 621.

[24] *Hullinger v. Board of Regents*, 249 Neb. 868, 872, 546 N.W.2d 779, 783 (1996), *overruled on other grounds, Collins v. State, supra* note 21.

[25] *Id.*

[26] *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

Based upon the foregoing, we conclude that Schirmer's claim was withdrawn prior to the expiration of the 6-month period specified in § 13-906, resulting in a failure to comply with a condition precedent to suit under the PSTCA. Accordingly, the district court did not err in dismissing the action. For the sake of completeness, we note that the district court further concluded that the statute of limitations on Geddes' claim had expired. Geddes does not specifically assign or argue this finding as error. In the absence of plain error, an appellate court considers only claimed errors which are both assigned and discussed.[27]

We acknowledge the apparent harshness of our application of the timing requirement in § 13-906 to this case. But we also recognize our duty to strictly construe the PSTCA in favor of the political subdivision and against the waiver of sovereign immunity.[28] In discussing the counterpart to § 13-906 in the Federal Tort Claims Act, the U.S. Supreme Court stated:

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the [Federal Tort Claims Act] imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.
>
> Moreover, given the clarity of the statutory text, it is certainly not a "trap for the unwary." . . . As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." . . .

---

[27] *In re Petition of SID No. 1,* 270 Neb. 856, 708 N.W.2d 809 (2006).

[28] See, *Johnson v. State, supra* note 10; *Big Crow v. City of Rushville, supra* note 11.

> The [Federal Tort Claims Act] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.[29]

Here, § 13-906 bars the filing of suit before a claimant has complied with the requirements of that statute. Because Schirmer withdrew her claim before it was pending for a full 6 months, the district court did not err in dismissing her suit.

## CONCLUSION

For the reasons discussed, we conclude that the withdrawal of Schirmer's claim was not in strict compliance with the requirements of § 13-906 and that this failure to comply with a condition precedent to suit under the PSTCA entitled the county to a judgment of dismissal on its properly asserted affirmative defense.

AFFIRMED.

---

[29] *McNeil v. United States,* 508 U.S. 106, 112-13, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) (citations omitted).