**Brenda DAVIES, Personal Representative of the Estate of Duane E. Davies, Deceased, Plaintiff,**

v.

**BNSF RAILWAY COMPANY, a Delaware Corporation, and Box Butte County, Nebraska, (for purposes of apportionment only), Defendants.**

No. 4:08 CV 3203.

United States District Court, D. Nebraska.

Feb. 5, 2009.

Martin J. Troshynski, Ruff, Lindemeier Law Firm, North Platte, NE, for Plaintiff.

Nichole S. Bogen, Thomas C. Sattler, Wolfe, Snowden Law Firm, Vincent Valentino, Centerstone, Lincoln, NE, for Defendants.

---

## MEMORANDUM AND ORDER

RICHARD G. KOPF, District Judge.

This is a wrongful death action stemming from a collision between a BNSF train and decedent Duane E. Davies' pickup. The personal representative of Davies' estate has sued both BNSF Railway Company and Box Butte County, Nebraska. The complaint specifically states that "[t]he defendant COUNTY is sued for apportionment purposes only, as the plaintiff acknowledges she is out of time to assert a claim against the defendant COUNTY for which recovery can be had. However, as the plaintiff believes the defendant COUNTY bears some responsibility for the collision which is the subject of this action, it is included for apportionment purposes only." (Filing *1*, Complaint ¶ 3.)

BNSF removed this action from the district court of Box Butte County, Nebraska, based upon diversity jurisdiction, stating that while the county is located in Nebraska, as is the plaintiff, "Defendant Box Butte County is ... a nominal party named for 'apportionment purposes only.' As a nominal party, its presence may be ignored in determining jurisdiction and its presence has no controlling significance for removal purposes." (Filing *1*, Notice of Removal ¶ 7.)

Pending before this court is the county's motion for judgment on the pleadings (filing *12*) pursuant to *Fed.R.Civ.P. 12(c)*, which was filed after this court's denial (filing *11*) of the county's prior motion to certify a question to the Nebraska Supreme Court (filing *7*).[1] The county requests that it be dismissed from this suit because the complaint specifically states that the estate is "out of time to assert a

claim" against the county, presumably for failure to comply with the Nebraska Political Subdivisions Tort Claims Act, *Neb.Rev. Stat. §§ 13–901 to 13–927 (2008)*. The county argues that it is improper to name a defendant "for apportionment purposes only" when suit against that defendant is barred.

### Standard of Review

A motion for judgment on the pleadings pursuant to *Fed.R.Civ.P. 12(c)* requires the district court to " 'accept as true all factual allegations set out in the complaint' " and to " 'construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor.' " *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir.2006)). " 'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law.' " *Id.*

### Factual Allegations

Because neither the plaintiff nor BNSF have responded to the county's motion, the county's statement of facts (filing *13*, at 1–2) shall be deemed admitted. *NECivR 7.0.1(b)(1)(C)* (failure to file opposing brief precludes nonmoving party from contesting moving party's statement of facts). These facts are set forth verbatim below.

1. The [plaintiff] is the duly appointed Personal Representative of the Estate of Duane E. Davies, deceased. This is a wrongful death action to recover damages sustained by the decedent prior to death. (*Complaint, ¶ 1*).

2. The Defendant Box Butte County is a political subdivision of the State of

---

1. The county requested that the following question be certified to the Nebraska Supreme Court: "Is naming a Defendant 'for apportionment purposes only' permissible when suit against the Defendant entity is oth-

erwise barred for failure to comply with the requirements set forth in the Political Subdivisions Tort Claims Act at *Neb.Rev.Stat. § 13–901*, et[ ] seq.?" (Filing *8*, at 1.)

Nebraska. The Defendant has been sued for "purposes of apportionment of fault" under Nebraska's Comparative Fault Statute. The Plaintiff acknowledges she is out of time to assert a claim against the Defendant Box Butte County, as the Plaintiff has failed to comply with the Nebraska Political Subdivisions Tort Claims Act. (*Complaint,* ¶ 3; *Answer* by Defendant Box Butte, ¶ 3).

3. On August 18th, 2006, Duane E. Davies was the driver of a 2005 Chevrolet pickup. (*Complaint* ¶ 4; *Answer* by Defendant Box Butte, ¶ 4).

4. At approximately 1:50 p.m. mountain standard time that day, Mr. Davies was driving the pickup westbound on Gage Road, nearing the intersection of Gage Road and Highway 2 in Box Butte County, Nebraska. (*Complaint* ¶ 5; *Answer* by Defendant Box Butte, ¶ 5).

5. A collision occurred between a train locomotive of Defendant BNSF and the motor vehicle operated by Duane E. Davies. (*Complaint* ¶ 8, *Answer* by Defendant Box Butte, ¶ 8).

6. The Plaintiff has sued the Defendant County of Box Butte, "for apportionment purposes only," and asserts that the County was negligent in failing to "post warning signs and have a flashing light and/or automatic gate at the intersection where the collision took place." (*Complaint* ¶ 10).

(Filing *13*, at 1–2.)

*Nebraska Political Subdivisions Tort Claims Act & Allocation of Liability in Multi–Defendant Tort Actions*

■ Defendant Box Butte County is a political subdivision of the State of Nebraska. *Neb.Rev.Stat. Ann. § 13–903(1) (LexisNexis 2004).* The Nebraska Political Subdivisions Tort Claims Act ("PSTCA"), *Neb.Rev.Stat. Ann. §§ 13–901 to 13–927 (LexisNexis 2004 & Cum.Supp.2008),* states that "no suit shall be maintained against [a] political subdivision . . . on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." *Neb.Rev.Stat. Ann. § 13–902.* Further, "[e]very claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body," which is defined as the "clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision." Neb.Rev.Stat. Ann. §§ *13–905 & 13–919.*

The PSTCA reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision. It is the *exclusive means* by which a tort claim may be maintained against a political subdivision or its employees. Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.

*Geddes v. York County,* 273 Neb. 271, 729 N.W.2d 661, 665 (2007) (footnotes omitted & emphasis added). *See also Johnson v. State,* 270 Neb. 316, 700 N.W.2d 620, 623 (2005); *Butler Cty. Sch. Dist. No. 502 v. Meysenburg,* 268 Neb. 347, 683 N.W.2d 367, 373 (2004). The Nebraska Supreme Court has construed the procedures laid out in the PSTCA as "conditions precedent to the filing of a lawsuit." *Meysenburg,* 683 N.W.2d at 373. *See also Keller v. Tavarone,* 265 Neb. 236, 655 N.W.2d 899, 903 (2003) (same).

■ The plaintiff in the case now before this court does not allege compliance with the PSTCA as to defendant Box Butte County; rather, the plaintiff "acknowledges she is out of time to assert a claim against the defendant COUNTY for which recovery can be had." (Filing *1*, at CM/ECF p. 4.) The plaintiff characterizes the

county as a "nominal party" who is sued "for apportionment purposes only" because "the defendant COUNTY bears some responsibility for the collision which is the subject of this action." (Filing *1*, at CM/ECF pp. 2 & 4.)

The essence of the county's motion for judgment on the pleadings involves the relationship between the PSTCA and Nebraska's "allocation" statute, *Neb.Rev.Stat. Ann. § 25–21,185.10 (LexisNexis 2004)*:

> In any other action involving more than one defendant, the liability of each defendant for economic damages shall be joint and several and the liability of each defendant for noneconomic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of noneconomic damages allocated to that defendant in direct proportion to that defendant's percentage of negligence, and a separate judgment shall be rendered against that defendant for that amount.

This statute does not address whether a plaintiff may seek to allocate liability to a defendant who cannot be sued in the first instance due to the plaintiff's failure to comply with the Nebraska Political Subdivisions Tort Claims Act. Further, the parties have not cited, nor has the court located, Nebraska case law addressing whether it is proper to name a defendant "for apportionment purposes only" when suit against that defendant is otherwise barred. In the absence of such authority, it is this court's duty to predict how the Nebraska Supreme Court would resolve the issue. *Basin Elec. Power Co-op v. ANR Western Coal Devel. Co.*, 105 F.3d 417, 422 (8th Cir.1997). *See also Jackson v. Anchor Packing Co.*, 994 F.2d 1295, 1301 (8th Cir. 1993) (because state supreme court had not addressed legal issue, federal district court's task was to predict how state supreme court would resolve issue if confronted with it); *Pearce v. Cornerstone*

*Clinic for Women*, 938 F.2d 855, 857 (8th Cir.1991) (same).

The Nebraska Supreme Court has interpreted section *25–21,185.10* in a tort case in which the plaintiff sued two defendants for injuries sustained in a car accident, but one of those defendants was dismissed at the close of the plaintiff's case-in-chief upon that defendant's motion for directed verdict. *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001). On appeal, the court addressed the applicability of section 25–21,185.10 to the remaining defendant:

> Under *§ 25–21,185.10*, it is possible, under certain circumstances, for multiple defendants to have a percent of noneconomic damages allocated to them by the finder of fact based on each defendant's percentage of negligence. However, under the plain language of *§ 25–21,185.10*, there must first be multiple defendants in the case before the allocation provisions of *§ 25–21,185.10* will operate. Therefore, in situations where there is only one defendant remaining in a case, the provisions of *§ 25–21,185.10* simply do not operate.
>
> ... In its application, *§ 25–21,185.10* only operates at the point when a finder of fact *has determined the liability* of the parties involved in a case and is apportioning damages between those parties. Because the statute's effect is on only the apportionment of damages between multiple defendants *after liability has been established*, the proper timeframe to consider in determining whether there are, in fact, multiple defendants in a case is when the case is submitted to the finder of fact. In other words, if there is only one defendant in a particular case at the point the case is submitted to a jury, the jury will not be allowed to allocate a percent of damages or negligence to "phantom" defendants who have never been part or are no longer part of a proceeding.

*Maxwell,* 631 N.W.2d at 462 (emphasis added).

The *Maxwell* court specifically declined to address the issue that is directly relevant to this case—whether the dismissed defendant should have remained a part of the trial "for apportionment purposes" only—because the issue was not properly preserved for appeal in the district court. *Id.* at 462–63. However, the court clearly stated that "*§ 25–21,185.10* only operates at the point when a finder of fact *has determined the liability* of the parties." *Maxwell,* 631 N.W.2d at 462 (emphasis added).

In Nebraska, no political subdivision "shall be liable for the torts of its officers, agents, or employees ... except to the extent, *and only to the extent,* provided by the [PSTCA]." *§ 13–902* (emphasis added). If a litigant fails to comply with the conditions precedent to suit under the Nebraska PSTCA, "[e]very claim against a political subdivision permitted under the [PSTCA] shall be forever barred." *§ 13–919(1).* If Box Butte County cannot "be liable" for its torts because the plaintiff did not comply with the statutory conditions precedent to suit, thereby "forever barr[ing]" claims against the county, a finder of fact cannot determine liability of the county, and the "allocation" provisions of section *25–21,-185.10* do not become operative. *§§ 13–902 & 13–919(1); Maxwell,* 631 N.W.2d at 462. Thus, the Nebraska Supreme Court would likely find no basis upon which the plaintiff in this case could sue Box Butte County "for purposes of apportionment only," and the county should be dismissed from this lawsuit. (Filing 1, at 1.) *See, e.g., Security First Bank v. Burlington Northern & Santa Fe Ry. Co.,* 213 F.Supp.2d 1087, 1094 (D.Neb.2002) (Kopf, J.) (in case where railroad sought to assert third-party claim against county without complying with Nebraska Political Subdivisions Tort Claims Act, court stated, "It is ... questionable whether a claim for 'apportionment' exists under Nebraska substantive law.")

This is especially so in light of the Nebraska Supreme Court's "duty to strictly construe the PSTCA in favor of the political subdivision and against the waiver of sovereign immunity," *Geddes,* 729 N.W.2d at 668, as well as the Nebraska Supreme Court's history of carrying out that duty. *Geddes,* 729 N.W.2d at 668 (affirming dismissal of case for failure to meet timing requirements of PSTCA and stating, "We acknowledge the apparent harshness of our application of the timing requirement in § 13–906 to this case. But we also recognize our duty to strictly construe the PSTCA...."); *Keller,* 655 N.W.2d at 905 (affirming dismissal of petition for failure to comply with notice provision of *§ 13–920(1)* and stating, "The taxpaying public has an interest in seeing that prompt and thorough investigation of claims is made where a political subdivision is involved....").

Accordingly, defendant Box Butte County's motion for judgment on the pleadings shall be granted and judgment dismissing the county from this action shall be entered pursuant to *Fed.R.Civ.P. 54(b).*[2]

---

**2.** The parties should note that this court's disposition of the county's motion for judgment on the pleadings does not address whether defendant BNSF could seek indemnification or contribution against Box Butte County. *See Maxwell,* 631 N.W.2d at 463 ("With respect to claims of contribution between negligent joint tort-feasors against whom judgment has not yet been rendered, we have stated that a judgment debtor may pursue an action of contribution against those whom a plaintiff has successfully obtained a judgment against as well as those whose liability remains to be fixed."); *see also Security First Bank,* 213 F.Supp.2d at 1096 (adhering to *Waldinger Co. v. P & Z Co.,* 414 F.Supp. 59 (D.Neb.1976), which predicted that "the Su-

Accordingly,

IT IS ORDERED:

1. The motion for judgment on the pleadings (filing 12) filed by defendant Box Butte County, Nebraska, is granted;

2. Defendant Box Butte County, Nebraska, is dismissed from this matter without prejudice;

3. There being no just reason for delay, judgment shall be entered by separate document as to defendant Box Butte County, Nebraska, pursuant to *Fed. R.Civ.P. 54(b)*.

### JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

There being no just reason for delay, and pursuant to the previous order granting the motion for judgment on the pleadings filed by defendant Box Butte County, Nebraska, and *Fed.R.Civ.P. 54(b)*, judgment is hereby entered in favor of defendant Box Butte County, Nebraska, and against the plaintiff, providing that defendant Box Butte County, Nebraska, is dismissed from this action without prejudice.

preme Court of Nebraska would hold that claims for contribution and indemnification are not within the meaning and intent of the Political Subdivision Tort Claims Act" and which noted that "the majority of courts have held that claims for indemnification and contribution from a political subdivision need not be filed pursuant to a tort claim act.").