Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/28/2017 09:13 AM CST

Casandra A. Hedglin, appellant, v. Jerry A. Esch,
individually and in his representative capacity,
and the City of Hastings, Nebraska,
a political corporation and a Nebraska
political subdivision, appellees.

___ N.W.2d ___

Filed November 21, 2017.    No. A-17-039.

1. **Political Subdivisions Tort Claims Act: Judgments: Appeal and Error.** In actions brought pursuant to the Political Subdivisions Tort Claims Act, the factual findings of the trial court will not be disturbed on appeal unless clearly wrong; however, questions of law are reviewed independently of the decision reached by the court below.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court.

3. **Motions to Dismiss: Rules of the Supreme Court: Summary Judgment: Pleadings.** When matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute.

4. **Motions to Dismiss: Summary Judgment: Notice.** The purpose of providing notice that a motion to dismiss has been converted to a motion for summary judgment is to give the party sufficient opportunity to discover and bring forward factual matters which may become relevant in the summary judgment context, as distinct from the dismissal context.

5. **Political Subdivisions Tort Claims Act: Waiver: Immunity.** The Political Subdivisions Tort Claims Act reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision.

6. **Political Subdivisions Tort Claims Act.** The Political Subdivisions Tort Claims Act is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees.

7. **Statutes: Immunity: Waiver.** Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.

8. **Political Subdivisions Tort Claims Act: Words and Phrases.** Personal injury, as used in the Political Subdivisions Tort Claims Act, is defined broadly to include every variety of injury to a person's body, feelings, or reputation.

9. **Political Subdivisions Tort Claims Act: Municipal Corporations: Notice.** The primary purpose of Neb. Rev. Stat. § 13-905 (Reissue 2012) is to afford municipal authorities prompt notice of the accident and injury in order that an investigation may be made while the occurrence is still fresh and the municipal authorities are in a position to intelligently consider the claim and to allow it if deemed just or, in the alternative, to adequately protect and defend the public interest.

10. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

11. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

12. **Actions: Political Subdivisions Tort Claims Act.** The Political Subdivisions Tort Claims Act specifies various nonjudicial procedures which have been characterized as conditions precedent to the filing of a lawsuit, and a claimant's failure to follow these procedures may be asserted as an affirmative defense in an action brought under the act.

13. **Political Subdivisions Tort Claims Act.** Under Neb. Rev. Stat. § 13-906 (Reissue 2012) of the Political Subdivisions Tort Claims Act, a claimant must file a tort claim with the governing body of the political subdivision before filing suit.

14. **Political Subdivisions Tort Claims Act: Time.** If the governing body of a political subdivision has not made final disposition of the claim within 6 months after it is filed, the claimant may withdraw the claim and file suit.

15. **Political Subdivisions Tort Claims Act: Notice: Time.** If a notice of a claim under the Political Subdivisions Tort Claims Act is withdrawn before expiration of the 6-month time period specified in Neb. Rev. Stat. § 13-906 (Reissue 2012), the result is the failure of a condition precedent to the filing of a lawsuit under the act.

16. **Political Subdivisions Tort Claims Act: Time.** Because compliance with the statutory time limits set forth in Neb. Rev. Stat. § 13-906 (Reissue 2012) can be determined with precision, the doctrine of substantial compliance has no application.

17. ____: ____. The language of Neb. Rev. Stat. § 13-906 (Reissue 2012) explicitly provides that no suit can be brought in district court unless 6 months have passed without a resolution of a properly filed claim by the political subdivision.

Appeal from the District Court for Adams County: Stephen R. Illingworth, Judge. Affirmed.

Kevin K. Knake, of Johnson Law Office, L.L.C., for appellant.

Jeffrey J. Blumel and Ryan M. Kunhart, of Dvorak Law Group, L.L.C., for appellees.

Inbody, Pirtle, and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

Casandra A. Hedglin appeals the order of the district court for Adams County which dismissed her complaint for failing to state a claim upon which relief could be granted. Although we treat the motion to dismiss as a motion for summary judgment, we find no merit to the arguments raised on appeal and therefore affirm.

## BACKGROUND

On May 25, 2016, the City of Hastings, Nebraska (the City), received a notification of claim under the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012). The notification stated that Hedglin was making a claim against the City for the "personal injury, mental anguish, and humiliation" she suffered due to the actions of Jerry A. Esch, who was acting in the scope of his employment as a police officer for the City.

On June 9, 2016, Hedglin commenced the present action in the Adams County District Court. Her complaint alleged a cause of action for "Defamation: False Light/Invasion of Privacy" and contained allegations that were essentially the same as those raised in her tort claim. The City had not made a final disposition of the tort claim before Hedglin filed her complaint.

In response to the complaint, the City and Esch (collectively the defendants) filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). The motion asserted that the complaint failed to state a claim upon which relief could be granted, because Hedglin failed to comply with the provisions of the PSTCA, specifically § 13-906, and therefore, the lawsuit was premature and not permitted by the PSTCA. After holding a hearing on the motion, the district court agreed and dismissed the complaint. Hedglin now appeals to this court.

## ASSIGNMENTS OF ERROR

Hedglin assigns, restated, that the district court erred in (1) finding that the PSTCA applies to the causes of action alleging defamation and false light invasion of privacy and (2) granting the motion to dismiss.

## STANDARD OF REVIEW

[1] In actions brought pursuant to the PSTCA, the factual findings of the trial court will not be disturbed on appeal unless clearly wrong; however, questions of law are reviewed independently of the decision reached by the court below. *Funk v. Lincoln-Lancaster Cty. Crime Stoppers*, 294 Neb. 715, 885 N.W.2d 1 (2016).

[2] Statutory interpretation presents a question of law. *Geddes v. York County*, 273 Neb. 271, 729 N.W.2d 661 (2007). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *Id*.

## ANALYSIS

[3] Before addressing the merits of Hedglin's assignments of error, we note that the defendants' motion was entitled a motion to dismiss based on § 6-1112(b)(6), and the district court ruled that the motion to dismiss should be granted. At the hearing on the motion, however, the court received exhibits into evidence. Generally, when matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute. *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015).

[4] The fact that a party does not receive such notice of the conversion of a motion to dismiss is not dispositive, however. The Supreme Court has recognized that the purpose of providing notice is to give the party sufficient opportunity to discover and bring forward factual matters which may become relevant in the summary judgment context, as distinct from the dismissal context. See *Corona de Camargo v. Schon*, 278 Neb. 1045, 776 N.W.2d 1 (2009). In *Corona de Camargo*, the plaintiff was given a reasonable opportunity to present argument and evidence relevant to the issue of the statute of limitations, upon which the motions to dismiss were based. And on appeal, the plaintiff conceded that the underlying facts pertinent to this issue were not in dispute, i.e., that her claims were made more than 2 years after the occurrence. Thus, the Supreme Court concluded that although the motions to dismiss were converted into motions for summary judgment without notice to the plaintiff, there was no prejudice, because the motions presented an issue of law of which the plaintiff was notified in the motions to dismiss. *Id.*

Similarly, in *Ichtertz v. Orthopaedic Specialists of Neb.*, 273 Neb. 466, 730 N.W.2d 798 (2007), the defendants offered evidence at a hearing on a motion to dismiss, the plaintiff raised

no objection to the exhibits, and the plaintiff was given the opportunity to offer evidence in opposition to the motion but declined to do so. On appeal, the plaintiff argued that the trial court erred in converting the motion to dismiss to a motion for summary judgment by receiving evidence outside the pleadings. The Supreme Court observed that the plaintiff was given an opportunity to present evidence and did not do so. *Id.* The court noted that it could not determine from the record whether the plaintiff raised before the trial court the issue of conversion of the motion to dismiss to a motion for summary judgment, but concluded that whether the court erred in its procedure regarding the motion to dismiss was not decisive of the matter and declined to resolve the cause on that basis. *Id.*

In the present case, we first note that Hedglin does not assign as error the conversion of the motion. It is clear from the record that Hedglin was aware the defendants were going to offer exhibits into evidence in support of their motion, did not object to the exhibits at the hearing, and was afforded the opportunity to offer evidence in opposition to the motion but declined to do so. Further, the motion to dismiss was based on an issue of law and the relevant facts to that end are undisputed; in other words, the date the City received notification of Hedglin's claim and the date the complaint was filed in district court are undisputed, as is the fact that the City never issued a formal disposition of Hedglin's claim. We therefore treat the motion as a motion for summary judgment. We now turn to the merits of Hedglin's arguments.

She first claims that the district court erred in finding that the PSTCA applied to her complaint. We find no merit to this argument.

[5-7] It is undisputed that the City is a political subdivision of the State of Nebraska and that at all relevant times, Esch was an employee of the City and acting in the scope of his employment. The PSTCA reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision. *Geddes v. York*

*County*, 273 Neb. 271, 729 N.W.2d 661 (2007). It is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees. *Id*. Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver. *Id*.

In the instant case, we first note that the notice of her claim Hedglin provided to the City specifies that she is making a claim pursuant to the PSTCA, thereby recognizing that the PSTCA governs her claim. At oral argument, Hedglin asserted that the notice provided under the PSTCA was for a negligence claim against the City, whereas the lawsuit filed was for intentional acts committed by Esch, an employee of the City. She argues, therefore, that she was not required to file a notice pursuant to the PSTCA for the claims asserted in the lawsuit. We disagree.

In the legislative declarations of the PSTCA, the Legislature declared:

> [N]o political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and . . . no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the [PSTCA].

§ 13-902.

[8] The PSTCA defines a tort claim as

> any claim against a political subdivision for money only . . . on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death . . . .

§ 13-903(4). Personal injury, as used in the PSTCA, is defined broadly to include every variety of injury to a person's body,

feelings, or reputation. *Gallion v. O'Connor*, 242 Neb. 259, 494 N.W.2d 532 (1993).

In addition, § 13-905 requires:

> All tort claims under the [PSTCA] shall be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision.

Hedglin's complaint seeks money damages from a political subdivision for personal injury caused by the wrongful actions Esch allegedly committed while in the scope of his employment. Specifically, she claims that the defendants "misused personal information" and "published . . . false and reckless statements" about her, placing her in a false light. Thus, she alleges wrongful acts by the defendants and her claims are tort claims that fall within the purview of the PSTCA.

The fact that she claims such acts were intentional instead of negligent does not excuse the requirement that she provide notice as required pursuant to § 13-905, because this requirement applies to "[a]ll tort claims." The Nebraska Supreme Court has recognized the existence of intentional torts in the context of the PSTCA. See *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011) (referencing intentional torts contemplated in § 13-910(7)). Furthermore, the PSTCA is similar to the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014), which is patterned after the Federal Tort Claims Act. See 28 U.S.C. § 2671 et seq. (2012) and *Johnson v. State*, 270 Neb. 316, 700 N.W.2d 620 (2005). Under the federal act, which also contains a notice provision, see 28 U.S.C. § 2675, notice is required prior to initiating a lawsuit even if the tort is an intentional one. See *Santiago-Ramirez v. Secretary of Dept. of Defense*, 984 F.2d 16 (1st Cir. 1993).

[9] The Nebraska Supreme Court has stated that the primary purpose of § 13-905 is to afford municipal authorities

prompt notice of the accident and injury in order that an investigation may be made while the occurrence is still fresh and the municipal authorities are in a position to intelligently consider the claim and to allow it if deemed just or, in the alternative, to adequately protect and defend the public interest. See *Keller v. Tavarone*, 265 Neb. 236, 655 N.W.2d 899 (2003). We see no basis upon which to differentiate intentional torts from torts of negligence when attempting to accomplish this purpose. We therefore conclude that even if Hedglin's present lawsuit is based upon a cause of action sufficiently different from the negligence claim provided to the City, she was still required to provide notice pursuant to the PSTCA.

[10] Hedglin argues that her complaint also alleges a cause of action for civil conspiracy. This argument was not assigned as error, however. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015). Hedglin's assignment of error asserts that the district court erred in concluding that the PSTCA applied to her causes of action alleging defamation and false light. We therefore do not address her argument regarding a claim for civil conspiracy. Having found that Hedglin's claims come under the PSTCA, we conclude that the district court did not err in applying the statutory provisions of the PSTCA.

Hedglin next argues that the district court erred in granting the motion to dismiss, which, as determined above, we treat as a motion for summary judgment. We find no error in the court's decision.

[11] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *SFI Ltd. Partnership 8 v. Carroll*, 288 Neb.

698, 851 N.W.2d 82 (2014). Here, Hedglin does not dispute the relevant facts. She notified the City of her claim on May 25, 2016, and commenced her lawsuit on June 9. The question is whether these facts satisfy the statutory requirements of the PSTCA.

[12-17] The PSTCA specifies various nonjudicial procedures which have been characterized as conditions precedent to the filing of a lawsuit, and a claimant's failure to follow these procedures may be asserted as an affirmative defense in an action brought under the PSTCA. *Geddes v. York County*, 273 Neb. 271, 729 N.W.2d 661 (2007). Under § 13-906 of the PSTCA, a claimant must file a tort claim with the governing body of the political subdivision before filing suit. *Geddes v. York County, supra*. If the governing body has not made final disposition of the claim within 6 months after it is filed, the claimant may withdraw the claim and file suit. *Id*. If, however, the claim is withdrawn before expiration of the 6-month time period specified in § 13-906, the result is the failure of a condition precedent to the filing of a lawsuit under the PSTCA. See *Geddes v. York County, supra*. Because compliance with the statutory time limits set forth in § 13-906 can be determined with precision, the doctrine of substantial compliance has no application. *Geddes v. York County, supra*. The language of § 13-906 explicitly provides that no suit can be brought in district court unless 6 months have passed without a resolution of a properly filed claim by the political subdivision. *Geddes v. York County, supra*.

In the present case, it is undisputed that Hedglin filed her claim with the City on May 25, 2016, and the City had not made a final disposition when she filed the complaint in district court on June 9. She therefore prematurely withdrew her claim and failed to satisfy a condition precedent to commencement of a lawsuit. As a result, her complaint fails to state a claim upon which relief can be granted, and therefore, the district court did not err in granting the motion for summary judgment.

Hedglin argues that the defendants failed to establish that they were immune to suit under § 13-910 and that her complaint sufficiently pled causes of action for defamation, false light invasion of privacy, and civil conspiracy. These arguments, however, misinterpret the basis for the defendants' motion and the grounds upon which the district court entered judgment. The motion articulates that the complaint fails to state a claim upon which relief can be granted because Hedglin failed to comply with § 13-906 when she prematurely withdrew her claim by filing the lawsuit. The district court agreed, and it was on that basis that judgment was entered against Hedglin. Thus, the defendants were not required to prove immunity or insufficiency of the allegations contained in the complaint. Having determined that the district court did not err in its decision, we affirm.

## CONCLUSION

We conclude that the motion to dismiss should be treated as a motion for summary judgment, because evidence was received in support of the motion. We further find that the PSTCA governs this action and that because Hedglin prematurely withdrew her tort claim, she failed to meet a condition precedent to filing the present lawsuit. Accordingly, the district court did not err in granting the motion for summary judgment. We therefore affirm.

Affirmed.