JAMES L. HULLINGER, APPELLANT, V. BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA, A CORPORATE GOVERNMENTAL BODY,
APPELLEE.

546 N.W.2d 779

Filed April 19, 1996.   No. S–94–342.

Michael K. High, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., and Michael D. Carper for appellant.

John C. Wiltse for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

## I. INTRODUCTION

Finding that plaintiff–appellant James L. Hullinger's action under the provisions of the State Tort Claims Act, Neb. Rev. Stat. § 81–8,209 et seq. (Reissue 1994), against the defendant–appellee, the Board of Regents of the University of Nebraska, was time barred, the district court sustained the Board of Regents' demurrer to Hullinger's amended petition and, upon stipulation that no further amendments could or would have been offered, dismissed the action. Hullinger asserts the district court erred in dismissing his amended petition in that it (1) wrongly computed the last date for filing the action and (2) mistakenly failed to find that in any event, the Board of Regents was estopped from asserting the time bar. We affirm.

## II. SCOPE OF REVIEW

The issues presented by this appeal are controlled by statute. Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Solar Motors v. First Nat. Bank of Chadron, ante* p. 758, 545 N.W.2d 714 (1996).

## III. FACTS

Hullinger alleges that he was injured when, on March 26, 1990, he stepped into a hole created by the removal of a grate composing part of the floor of a building the Board of Regents maintained. As a result, he filed a claim with the State Claims Board on March 24, 1992. On April 5, 1993, the claims board notified him that it would consider his claim on April 15. After receiving this notice, Hullinger requested that his claim be

withdrawn, and on April 15, it was so withdrawn. He then, on October 5, filed his initial petition in the district court.

## IV. ANALYSIS

As the Board of Regents is an agency of the state, tort claims against it must be brought in accordance with the provisions of the act. *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979), *overruled on other grounds, Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988).

### 1. LAST FILING DATE

Hullinger's first assignment of error, that the district court wrongly computed the last date by which his petition must have been filed in the district court, is controlled by §§ 81–8,227(1) and 81–8,213. Section 81–8,227(1) reads:

> Every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the State Claims Board in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the board as to the final disposition of the claim or from the date of withdrawal of the claim from the board under section 81–8,213 if the time to begin suit would otherwise expire before the end of such period.

Section 81–8,213 reads:

> No suit shall be permitted under the State Tort Claims Act unless the State Claims Board has made final disposition of the claim, except that if the board does not make final disposition of a claim within six months after the claim is made in writing to the board, the claimant may, by notice in writing, withdraw the claim from consideration of the board and begin suit under such act.

The interplay of these two statutes was discussed in *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991). The plaintiff's cause of action therein accrued on December 14, 1985, and he filed his claim with the claims board on September 8, 1987. Because he had utilized an improper form, he resubmitted it on October 15. On June 14, 1988, the defendant's insurer denied the claim, and on July 5,

the plaintiff notified the claims board in writing that his claim was being withdrawn from its consideration. He then commenced suit in the district court on August 18.

The defendant successfully moved the trial court for summary judgment on the ground that the action was barred by the 2-year statute of limitations contained in the act. On appeal, the defendant argued that the time to begin suit in that case was not extended by 6 months as provided in § 81-8,227, because the statute of limitations would not otherwise expire before the end of the 6-month period. In other words, the defendant argued that § 81-8,227 provided a 6-month extension of the time to file suit only if there was some time remaining on the 2-year statute of limitations after the claims board had acted on the claim, or the claim had been withdrawn, and the time remaining was less than 6 months. According to the defendant, if there were no time remaining on the statute of limitations, then the "time to begin suit" would not otherwise expire before the end of 6 months because it had, in fact, already expired.

In rejecting the defendant's argument, and reversing the grant of summary judgment, we wrote:

> The source of [the plaintiff's] predicament is § 81-8,213. As stated, that section mandates that before suit may be filed in court, a claim may not be withdrawn from the State Claims Board for at least 6 months. In order to comply with § 81-8,213, [the plaintiff], who filed his claim with the board in the 22d month after his claim accrued, was prevented from filing his lawsuit in the district court before the 24-month statute of limitations ran. In essence, one statute prevents filing of a claim in court and another section requires filing of that same claim in court. This appears to be a classic example of the "right hand not knowing what the left hand is doing."
>
> . . . .
>
> A statutory scheme which precludes one from withdrawing a claim from the State Claims Board and thereby prevents that person from filing suit before the statute of limitations runs leads to absurd, unjust, or unconscionable results. We, therefore, hold that a claimant who files a tort claim with the Risk Manager of the State

Claims Board 18 months or more after his or her claim has accrued, but within the 2–year statute of limitations, has 6 months from the first day on which the claim may be withdrawn from the claims board in which to begin suit.

237 Neb. at 499–501, 466 N.W.2d at 532–33.

The pleadings here reveal that Hullinger's cause of action accrued on March 26, 1990, when he was injured. He filed his claim with the claims board on March 24, 1992, more than 18 months after his claim accrued, but within the 2–year statute of limitations. Under *Coleman*, he therefore had 6 months from the first day on which his claim could be withdrawn from the claims board in which to bring suit. Section 81–8,213 prevented Hullinger from withdrawing his claim until 6 months after he made his written claim to the claims board. Thus, the first day on which he could withdraw his claim would be September 24, 1992. Accordingly, Hullinger had 6 months from that date in which to file suit in the district court; he therefore was required to file suit by March 24, 1993.

However, Hullinger argues that his case is distinguishable from *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), in that here the claims board took the affirmative action of setting the matter for hearing on a date certain. But there is nothing in the act which contemplates the tolling of the limitations period or the granting of an extension of the limitations period because the claims board has set a date for hearing.

Hullinger argues further that the correct interpretation of *Coleman* is that a claimant has at least 6 months, rather than only 6 months, from the first day on which the claim may be withdrawn from the claims board in which to bring suit. But this contention overlooks our observation in *Coleman* that the holding therein

ensures that effect is given to the legislative intent embodied in §§ 81–8,213 and 81–8,227 and that both are applied in a consistent and commonsense fashion. Furthermore, fourth–quarter claimants are given the same opportunity as those who file earlier to withdraw their claim and file suit within 6 months thereafter.

237 Neb. at 501, 466 N.W.2d at 533. The interpretation Hullinger urges would allow a claimant to file a claim with the claims board just before 2 years after the accrual of the cause of action, wait however long until just before final disposition of the claim by the claims board to withdraw the claim, and then receive an additional 6 months in which to file suit in the district court.

Such an interpretation does not comport with the purpose of a statute of limitations, which provides a period of repose designed, if asserted, to prevent recovery on stale claims. *Keefe v. Glasford's Enter.*, 248 Neb. 64, 532 N.W.2d 626 (1995). The mischief which a statute of limitations is intended to remedy is general inconvenience resulting from delay in assertion of a legal right which it is practicable to assert. *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962). The main purpose of a statute of limitations is to notify the defendant of a complaint against him or her within a reasonable amount of time so that the defendant is not prejudiced by having an action filed against him or her long after the time he or she could have had to prepare a defense against a claim. *West Omaha Inv. v. S.I.D. No. 48*, 227 Neb. 785, 420 N.W.2d 291 (1988).

The district court correctly determined that Hullinger's action is time barred.

## 2. ESTOPPEL

The second assignment of error, that the district court erred in failing to find that in any event, the Board of Regents is estopped from asserting the statute of limitations, also rests on the fact that the claims board had set Hullinger's claim for hearing. Hullinger argues that this affirmative action on the part of the claims board equitably estops it from relying on the time bar imposed by the act.

The equitable doctrine of estoppel in pais may, in a proper case, be applied to prevent a fraudulent or inequitable resort to a statute of limitations, and a defendant may, by his or her representations, promises, or conduct, be so estopped where the other elements of estoppel are present. *Reifschneider v. Nebraska Methodist Hosp.*, 233 Neb. 695, 447 N.W.2d 622 (1989).

The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. As to the other party, the elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice. *Hamilton v. Hamilton*, 242 Neb. 687, 496 N.W.2d 507 (1993); *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 477 N.W.2d 577 (1991); *Reifschneider, supra.*

Hullinger argues that "[t]he State's affirmative action in scheduling the hearing on [his] claim before the [claims] board reaffirmed [his] belief that he possessed the right to pursue his claim as allowed by law." Brief for appellant at 11-12. While Hullinger may have indeed believed this, it is erroneous to conclude that the scheduling of such hearing satisfies the first element of equitable estoppel as to the party estopped. The fact that the claims board scheduled a hearing did not amount to any representation, false or otherwise, as to the timeliness or merits of the claim. If Hullinger interpreted it as such, the interpretation was unreasonable. As noted in subpart 1 above, because of the withdrawal of his claim, the last date on which Hullinger could have filed suit was March 24, 1993. His right to file suit having thus expired, he could not have relied to his detriment on claims board actions taken after that date.

The claims board having engaged in no conduct which warrants application of the doctrine of equitable estoppel, the district court did not err in ruling that the Board of Regents was not estopped from asserting the time bar.

## V. JUDGMENT

Being correct, the judgment of the district court is, as first noted in part I, affirmed.

AFFIRMED.