JUDITH K. COLLINS, PERSONAL REPRESENTATIVE OF THE
ESTATE OF EDWIN P. HENNINGS, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.

646 N.W.2d 618

Filed July 5, 2002.   No. S-01-401.

David Geier for appellant.

Don Stenberg, Attorney General, and Vicki L. Boone-Lawson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This case involves the interplay between Neb. Rev. Stat. §§ 81-8,213 and 81-8,227(1) (Reissue 1996). These statutes pertain to the time in which claims must be filed with the State Claims Board and the effect of the filing of a claim on the 2-year statute of limitations for filing an action in the district court.

We hold that when a claimant files a claim with the claims board within 2 years from the date the claim accrued and allows the claims board to reach a determination on the claim, the claimant has 6 months to file suit from the date of mailing of notice as to the final disposition of the claim. To the extent *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), and *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), indicate a different rule, they are overruled.

## BACKGROUND

On November 29, 2000, Judith K. Collins, the appellant and personal representative of the estate of Edwin P. Hennings, filed a petition against the appellee, the State of Nebraska. She alleged that on November 7, 1997, Hennings died as a result of

negligence of the State. She alleged that on November 1, 1999, she filed a claim with the State Claims Board and that the claims board rejected the claim on June 21, 2000.

The State filed a demurrer alleging that the court lacked subject-matter jurisdiction and that the petition failed to state sufficient facts to constitute a cause of action. The district court sustained the demurrer, holding that the action was barred by the 2-year statute of limitations. The court found that the time period to file an action was not extended when it was filed within 6 months of the denial of the claim by the claims board, but more than 6 months after the claim could have been withdrawn. The court relied on this court's decision in *Hullinger.* In *Hullinger,* we held that when a claim has been withdrawn from the State Claims Board, the time in which to file a petition runs from the date the claim could have been withdrawn instead of when it was actually withdrawn. The court applied the reasoning of *Hullinger* and dismissed the petition with leave to amend. Collins filed an amended petition, and the State filed a demurrer. The district court sustained the demurrer and dismissed the action. Collins appeals.

## ASSIGNMENT OF ERROR

Collins assigns, rephrased, that the district court erred in dismissing her petition.

## STANDARD OF REVIEW

■ Statutory interpretation is a matter of law, and an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Ottaco, Inc. v. McHugh,* 263 Neb. 489, 640 N.W.2d 662 (2002).

## ANALYSIS

Collins contends that when a claim filed with the State Claims Board is not actually withdrawn, the time period to file suit in district court is within 6 months from the date the claims board denies the claim. She argues that our decisions in *Hullinger v. Board of Regents, supra,* and *Coleman v. Chadron State College, supra,* are distinguishable because those cases involved claims that had been withdrawn from the State Claims Board. In the alternative, she argues that *Hullinger* and *Coleman* should be reversed.

Section 81-8,213 provides:

> No suit shall be permitted under the State Tort Claims Act unless the State Claims Board has made final disposition of the claim, except that if the board does not make final disposition of a claim within six months after the claim is made in writing to the board, the claimant may, by notice in writing, withdraw the claim from consideration of the board and begin suit under such act.

Section 81-8,227(1) provides:

> Every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the State Claims Board in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the board as to the final disposition of the claim or from the date of withdrawal of the claim from the board under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.

In *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), we first addressed the interplay between §§ 81-8,213 and 81-8,227. Coleman filed a claim with the State Claims Board in the 22d month after his claim had accrued. Because § 81-8,213 requires that a claim must remain with the State Claims Board at least 6 months before the claim can be withdrawn, Coleman was prevented from filing suit before the 2-year statute of limitations ran. Coleman withdrew the claim approximately 31 months after it had accrued. The district court granted Chadron State College's motion for summary judgment, concluding that the action was time barred.

On appeal, we looked at the legislative history and determined that the Legislature intended the period of limitation for filing an action in court under the State Tort Claims Act to be 2 years. We then noted that under § 81-8,213, a claim had to be filed with the State Claims Board but could not be withdrawn for 6 months. Thus, any claim filed over 18 months after the cause of action accrued could still be pending before the State Claims Board when the 2-year period for filing in district court had run. Interpreting §§ 81-8,213 and 81-8,227, we held that

a claimant who files a tort claim with the Risk Manager of the State Claims Board 18 months or more after his or her claim has accrued, but within the 2-year statute of limitations, has 6 months from the first day on which the claim may be withdrawn from the claims board in which to begin suit.

237 Neb. at 501, 466 N.W.2d at 533. We then stated:

This interpretation ensures that effect is given to the legislative intent embodied in §§ 81-8,213 and 81-8,227 and that both are applied in a consistent and commonsense fashion. Furthermore, fourth-quarter claimants are given the same opportunity as those who file earlier to withdraw their claim and file suit within 6 months thereafter.

*Id.*

In *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), the claimant filed his claim with the State Claims Board 2 days before the 2-year time period ran. Over a year later, the claims board notified him that it would consider his claim. He then withdrew the claim and filed suit. The district court determined that the action was time barred. On appeal, Hullinger argued that § 81-2,213 extended his time to file in district court by 6 months from the date that his claim was withdrawn. We reaffirmed the interpretation set out in *Coleman* and disagreed with Hullinger's argument, stating:

The interpretation Hullinger urges would allow a claimant to file a claim with the claims board just before 2 years after the accrual of the cause of action, wait however long until just before final disposition of the claim by the claims board to withdraw the claim, and then receive an additional 6 months in which to file suit in the district court.

249 Neb. at 873, 546 N.W.2d at 783.

Here, Collins filed her claim with the State Claims Board 6 days before the 2-year limitation period ran. May 1, 2000, was the date at which Collins could withdraw her claim, and November 1, 2000, was 6 months from that date. Collins, however, chose to allow the claims board to reach a determination. The claim was rejected on June 21, 2000, and December 21, 2000, was 6 months from that date. Collins filed her action in district court on November 29, 2000.

Under a strict interpretation of the rule set forth in *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), and *Hullinger v. Board of Regents, supra*, Collins had 6 months from the first day on which her claim could have been withdrawn from the claims board in which to file suit. She failed to file suit within that time period. Collins contends, however, that her case is distinguished from *Coleman* and *Hullinger* because she did not withdraw her claim from the board and instead waited until her claim was denied. We agree.

In *Coleman* and *Hullinger*, our focus was on situations in which a claimant chose to withdraw a claim from the claims board. In particular, in *Hullinger*, we expressed concern that a claimant could allow a claim to remain undecided by the board for as long as possible as a way for the claimant to delay the filing of an action in district court. This reasoning does not apply when a claim has been decided by the claims board. When a claimant allows the claims board to reach a decision, any delay in the process is beyond the control of the claimant.

Under the plain language of § 81-8,227, a claimant has 6 months to file suit after notice of the denial of the claim is mailed by the claims board. The reasoning of *Coleman* and *Hullinger* does not apply to claims that are decided by the claims board. Accordingly, we hold that a claimant who files a tort claim with the Risk Manager of the State Claims Board 18 months or more after his or her claim has accrued, but within 2 years as provided by § 81-8,227(1), has 6 months to file suit from the date the board gives written notice to the claimant as to the final disposition of the claim. To the extent *Coleman* or *Hullinger* indicate a different rule regarding claims that are decided by the claims board, they are overruled. Because Collins filed suit within 6 months after the claims board denied her claim, her suit was not time barred. Accordingly we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.