Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/09/2017 09:14 AM CDT

STACEY L. KOMAR, APPELLANT,
v. STATE OF NEBRASKA
ET AL., APPELLEES.
___ N.W.2d ___

Filed May 9, 2017.    No. A-16-127.

1. **Statutes: Appeal and Error.** Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
2. **Tort Claims Act.** Tort claims brought against the State must be brought in accordance with the provisions of the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014).
3. **Tort Claims Act: Limitations of Actions.** A claimant who could have withdrawn a claim from the State Claims Board prior to the expiration of the 2-year statute of limitations should be given an additional 6 months from the time the claimant could have withdrawn the claim from the State Claims Board, rather than an additional 6 months from the time the claimant actually withdrew the claim, to file a complaint in the district court.
4. **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** When judicial interpretation of a statute has not evoked a legislative amendment, an appellate court presumes that the Legislature has acquiesced in the court's interpretation.
5. **Estoppel: Fraud: Limitations of Actions.** The equitable doctrine of estoppel in pais may be applied to prevent a fraudulent or inequitable resort to a statute of limitations, and a defendant may, by his or her representations, promises, or conduct, be so estopped where the other elements of estoppel are present.

Appeal from the District Court for Douglas County: W. RUSSELL BOWIE III, Judge. Affirmed.

Denise E. Frost, of Johnson & Mock, P.C., L.L.O., for appellant.

Brien M. Welch and John A. McWilliams, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

Pirtle, Bishop, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Stacey L. Komar filed a complaint in the district court pursuant to the provisions of the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014), against the State of Nebraska, the Board of Regents of the University of Nebraska, and Nebraska Medicine (collectively the State). The district court dismissed Komar's complaint, finding that the allegations contained in the complaint were time barred. Komar appeals from the district court's dismissal of her complaint. Upon our review, we affirm the district court's decision to dismiss Komar's complaint because it was filed after the statute of limitations had expired.

## BACKGROUND

On July 15, 2015, Komar filed a complaint against the State. In the complaint, she alleged that various employees of the State had accessed her medical records without her permission and without a proper purpose, in violation of both federal and state laws. Specifically, Komar alleged that a pediatrician employed by the State had improperly viewed Komar's medical records on July 3, 2012. Komar alleged that she did not learn of this incident until January 15, 2013. Komar also alleged that a second employee of the State had improperly viewed Komar's medical records on multiple dates between July 16, 2012, and January 9, 2013. Komar alleged that she did not learn of these incidents until January 8, 2014.

In her complaint, Komar indicated that on June 27, 2014, she filed an "administrative notice" of the matters discussed

in her complaint with the "State of Nebraska Division of Risk Management State Claims Board" (the Board). Having received no disposition of her claim from the Board or the risk manager, Komar indicated that she withdrew her claim from the Board on July 14, 2015, just 1 day prior to filing her complaint in the district court.

In response to Komar's complaint, the State filed a motion to dismiss "pursuant to Nebraska Court Rule § 6-1112(b)(6) for the reason that [Komar's] Complaint fails to state a claim upon which relief can be granted."

The district court ultimately sustained the State's motion to dismiss Komar's complaint. The court found that Komar's action was barred by the relevant statute of limitations. While the court's decision was based on the date that Komar discovered the first improper access of her records, the court noted, "The fact [Komar] later discovered that more employees improperly accessed her information does not affect the statute of limitations in this action, as it is pled." We note that, in her brief on appeal, Komar does not specifically assign error to the district court's decision concerning the subsequent improper accesses of her records. Moreover, during oral argument, Komar's counsel declined the opportunity to argue that the subsequent improper accesses of the records constituted claims that could be severed from the claim concerning the initial access.

## ASSIGNMENTS OF ERROR

On appeal, Komar asserts that the district court erred in (1) wrongly computing the last date for filing the action and (2) failing to find that even if she filed her complaint too late, the State was estopped from asserting the time bar.

## STANDARD OF REVIEW

[1] The issues presented by this appeal are controlled by statute. Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach

an independent conclusion irrespective of the determination made by the court below. *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), *overruled on other grounds, Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002).

## ANALYSIS

[2] Tort claims brought against the State must be brought in accordance with the provisions of the State Tort Claims Act, § 81-8,209 et seq. See *Hullinger v. Board of Regents, supra*.

### Statute of Limitations Under
### State Tort Claims Act

Komar's first assignment of error, that the district court wrongly computed the last date by which her complaint must have been filed in the district court, is controlled by §§ 81-8,213 and 81-8,227(1). Section 81-8,213 provides:

> No suit shall be permitted under the State Tort Claims Act unless the Risk Manager or State Claims Board has made final disposition of the claim, except that if the Risk Manager or board does not make final disposition of a claim within six months after the claim is made in writing and filed with the Risk Manager in the manner prescribed by the board, the claimant may, by notice in writing, withdraw the claim from consideration of the Risk Manager or board and begin suit under such act.

Section 81-8,227(1) provides, in relevant part:

> [E]very tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the Risk Manager in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.

In her complaint, Komar indicates that she filed her claim with the Board, not the risk manager. In *Coleman v. Chadron State College*, 237 Neb. 491, 498, 466 N.W.2d 526, 531 (1991), *overruled on other grounds, Collins v. State, supra*, the Nebraska Supreme Court held that the 2-year statute of limitations discussed in § 81-8,227(1) applies to both the time for filing a claim with the Board and the filing of "lawsuits" in the district court.

In this case, the district court found that Komar's cause of action accrued on January 15, 2013, when she discovered that a pediatrician employed by the State had improperly accessed her medical records. Komar does not assign as error the district court's determination of the date her cause of action accrued. Accordingly, in our analysis of the timeliness of Komar's district court complaint, we will use January 15, 2013, as the date her cause of action accrued. Because Komar's cause of action accrued on January 15, 2013, the 2-year statute of limitations to file the action expired on January 15, 2015, unless the time for filing Komar's claim was extended in some way.

In her complaint, Komar alleged that she filed her claim with the Board on June 27, 2014, a little more than 17 months after her claim accrued, but still within the 2-year statute of limitations. Pursuant to the language of § 81-8,213, Komar could have withdrawn her claim from the Board and filed her complaint in the district court as early as December 28, 2014. On December 28, there remained approximately 19 days before the expiration of the 2-year statute of limitations for Komar's claim. If Komar had withdrawn her claim during these 19 days, she would have had an additional 6 months from the date of her withdrawal to file her complaint in the district court, pursuant to the language of § 81-8,227(1). However, Komar did not withdraw her claim from the Board until July 14, 2015, almost 6 months after the 2-year statute of limitations had expired.

The district court, relying on the Supreme Court's holding in *Hullinger v. Board of Regents*, 249 Neb. 868, 546

N.W.2d 779 (1996), *overruled on other grounds, Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002), found that the 2-year statute of limitations for filing Komar's complaint was extended by 6 months from the date she could have withdrawn her claim from the Board. In *Hullinger v. Board of Regents*, the Nebraska Supreme Court analyzed the interplay between §§ 81-8,213 and 81-8,227(1), and interpreted them together to provide:

"[A] claimant who files a tort claim with the Risk Manager of the State Claims Board 18 months or more after his or her claim has accrued, but within the 2-year statute of limitations, has 6 months from the first day on which the claim may be withdrawn from the claims board in which to begin suit."

249 Neb. at 871-72, 546 N.W.2d at 783. Based on the decision in *Hullinger v. Board of Regents, supra*, the district court found that Komar had until 6 months from the first day on which her claim could have been withdrawn from the Board, or until June 28, 2015, to file her complaint with the district court. Komar did not file her complaint until July 15, 2015. The district court concluded that Komar's complaint was time barred.

We note that the Supreme Court has modified its decision in *Hullinger v. Board of Regents, supra*, to some extent. In *Collins v. State, supra, disapproved on other grounds, Geddes v. York County*, 273 Neb. 271, 729 N.W.2d 661 (2007), the Supreme Court found that when a claimant allows the Board to actually reach a decision on a claim, the claimant has 6 months to file suit after notice of the denial of the claim is mailed by the Board. The *Collins* court specifically held, "The reasoning of *Coleman* and *Hullinger* does not apply to claims that are decided by the claims board." 264 Neb. at 272, 646 N.W.2d at 621. This limited modification to the court's decision in *Hullinger v. Board of Regents, supra*, does not apply in this case because Komar chose to withdraw her claim from the Board prior to the Board's actually deciding her claim.

Accordingly, we conclude that the Supreme Court's reasoning in *Hullinger v. Board of Regents, supra*, governs the decision in this case. However, we note that this case presents a slightly different factual scenario than that presented by *Hullinger v. Board of Regents, supra*. In that case, the Supreme Court was presented with a claimant who had filed a claim with the Board more than 18 months after his claim had accrued, but within the 2-year statute of limitations. Because the claim had been filed more than 18 months after the claim had accrued, the claim could not have been withdrawn from the Board before the 2-year statute of limitations had expired. In this case, Komar filed her claim with the Board prior to 18 months after the claim had accrued. As such, she could have withdrawn her claim prior to the expiration of the 2-year statute of limitations. As we discussed above, Komar had approximately 19 days prior to the expiration of the statute of limitations to withdraw her claim, and if she had done so, she would have had an additional 6 months from the date of that withdrawal to file a complaint in the district court. However, Komar did not withdraw her complaint prior to the expiration of the statute of limitations. As such, we are presented with the question of when Komar had to file her complaint in the district court, given that she could have withdrawn her claim from the Board prior to the 2-year statute of limitations, but chose not to.

We conclude that, despite the minor difference in the factual circumstances of our case, the rationale of the Supreme Court's decision in *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), *overruled on other grounds, Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002), still applies. Accordingly, the time for Komar to file her complaint with the district court was extended by 6 months from the time she could have withdrawn her claim from the Board.

In *Hullinger v. Board of Regents*, the Supreme Court reasoned that in order to interpret §§ 81-8,213 and 81-8,227(1) "'in a consistent and commonsense fashion,'" a "'fourth-quarter

claimant[]'" must be provided with an additional 6 months from the date he or she could have withdrawn a claim from the Board to file a complaint in the district court. 249 Neb. at 872, 546 N.W.2d at 783, quoting *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), *overruled on other grounds, Collins v. State, supra*. The court noted that the 6-month extension should begin accruing from the first day on which the claim may be withdrawn, rather than from the day it was actually withdrawn, because a claimant should not be permitted to

> file a claim with the claims board just before 2 years after the accrual of the cause of action, wait however long until just before final disposition of the claim by the claims board to withdraw the claim, and then receive an additional 6 months in which to file suit in the district court.

*Hullinger v. Board of Regents*, 249 Neb. at 873, 546 N.W.2d at 783.

We read the Supreme Court's rationale in *Hullinger v. Board of Regents, supra*, to suggest that a claimant should not be permitted to delay the action indefinitely by his or her own actions or inactions. In fact, in *Collins v. State*, 264 Neb. at 272, 646 N.W.2d at 621, the Supreme Court specifically indicated that a claimant should not be permitted to "allow a claim to remain undecided by the board for as long as possible as a way for the claimant to delay the filing of an action in district court." However, the court also indicated that "[w]hen a claimant allows the claims board to reach a decision, any delay in the process is beyond the control of the claimant." *Id*.

[3] Given the Supreme Court's decision in *Hullinger v. Board of Regents, supra*, we conclude that a claimant, who could have withdrawn a claim from the Board prior to the expiration of the 2-year statute of limitations, should be given an additional 6 months from the time the claimant could have withdrawn the claim from the Board, rather than an additional 6 months from the time the claimant actually withdrew the

claim, to file a complaint in the district court. However, also given the rationale of *Hullinger v. Board of Regents, supra*, and *Collins v. State, supra*, Komar could not delay the expiration of the statute of limitations by choosing to delay the withdrawal of her claim from the Board. The delay in this case is attributable to Komar's decision to delay the withdrawal of her claim. Therefore, the rationale of *Hullinger v. Board of Regents, supra*, is applicable.

Komar had until June 28, 2015, to file her complaint with the district court. She did not file her complaint until July 15. Accordingly, Komar's complaint was time barred and we affirm the decision of the district court dismissing her complaint.

[4] We acknowledge the apparent harshness of this result. However, as the Supreme Court explained in *Geddes v. York County*, 273 Neb. 271, 729 N.W.2d 661 (2007), it is our duty to strictly construe the provisions of the State Tort Claims Act in favor of the State and against the waiver of sovereign immunity. In addition, we note that since the Supreme Court's decision in *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), *overruled on other grounds, Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002), the Legislature has amended the State Tort Claims Act, but has not seen fit to make any modifications which would address the decision in that case. When judicial interpretation of a statute has not evoked a legislative amendment, an appellate court presumes that the Legislature has acquiesced in the court's interpretation. See *Nebuda v. Dodge Cty. Sch. Dist. 0062*, 290 Neb. 740, 861 N.W.2d 742 (2015).

## Estoppel

Komar's second assignment of error is that the district court erred in failing to find that even if her complaint was filed after the statute of limitations had expired, the State is estopped from asserting the time bar as a defense. Upon our review, we conclude that Komar's assertion lacks merit.

[5] The equitable doctrine of estoppel in pais may be applied to prevent a fraudulent or inequitable resort to a statute of limitations, and a defendant may, by his or her representations, promises, or conduct, be so estopped where the other elements of estoppel are present. See *Hullinger v. Board of Regents, supra*.

The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. As to the other party, the elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice. *Id*.

Komar argues in her brief on appeal that the State should be estopped from asserting the statute of limitations as a defense because of the Board's delay in hearing her case. Although she filed her claim with the Board in June 2014, by June 2015, the Board still had not set a hearing for her claim. As such, Komar indicates that she withdrew her claim from the Board in order that her complaint could be filed in the district court.

We first note that it is not clear from our record whether Komar argued before the district court that the State should be estopped from asserting the statute of limitations defense. It is clear that the district court, in its February 2016 order, does not discuss or rule on the issue of estoppel. Generally, an appellate court will not consider for the first time on appeal issues not properly raised in the pleadings nor litigated at trial.

*Leseberg v. Meints*, 224 Neb. 533, 399 N.W.2d 784 (1987). However, we conclude that in this case, even if we were to rule on the merits of Komar's estoppel argument, her argument would fail. Komar chose to withdraw her claim from the Board on July 14, 2015. There is nothing to suggest that the Board took any action to influence Komar's decision to withdraw the claim or to make her believe that it would not raise the statute of limitations as a defense. Komar could have chosen to wait for the Board to rule on her claim. Had she chosen to do so, then she would have had an additional 6 months from the date of that ruling to file her complaint in the district court. In that instance, any delay in the proceedings would have been attributed to the Board, rather than to Komar. See *Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002).

## CONCLUSION

We affirm the decision of the district court. Komar's complaint was not timely filed in the district court, and as a result, her cause of action is time barred.

Affirmed.