Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/16/2018 08:11 AM CDT

Stacey L. Komar, appellant, v.
State of Nebraska et al., appellees.

___ N.W.2d ___

Filed March 16, 2018.    No. S-16-127.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

3. **Tort Claims Act: Limitations of Actions.** Before suit can be filed under the State Tort Claims Act, a claimant must submit the claim in writing to the Risk Manager within 2 years after the claim accrued.

4. ____: ____. Generally speaking, a claimant cannot file suit under the State Tort Claims Act until the Risk Manager or State Claims Board makes a final disposition of the claim. However, if the board has not made final disposition of a claim after 6 months, the claimant is permitted to withdraw the claim and file suit.

5. ____: ____. The 2-year limitations period referenced in Neb. Rev. Stat. § 81-8,227(1) (Reissue 2014) governs not just the time for submitting claims to the Risk Manager, but also the time for beginning suit under the State Tort Claims Act.

6. **Tort Claims Act: Limitations of Actions: Notice.** Under Neb. Rev. Stat. § 81-8,227(1) (Reissue 2014), the time to begin suit under the State Tort Claims Act shall be extended for a period of 6 months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under Neb. Rev. Stat. § 81-8,213 (Reissue 2014) if the time to begin suit would otherwise expire before the end of such period.

7. \_\_\_\_: \_\_\_\_: \_\_\_\_. Claimants who allow the State Claims Board to reach a decision must file suit on the claim within 2 years after the claim accrued, or within 6 months after the board mails notice of final disposition, whichever occurs later. On the other hand, claimants who withdraw their claim must file suit on the claim within 2 years after the claim accrued, or within 6 months after the first date on which the claim could have been withdrawn, whichever occurs later.

Petition for further review from the Court of Appeals, Pirtle, Bishop, and Arterburn, Judges, on appeal thereto from the District Court for Douglas County, W. Russell Bowie III, Judge. Judgment of Court of Appeals affirmed.

Denise E. Frost, of Johnson & Mock, P.C., L.L.O., for appellant.

Brien M. Welch and John A. McWilliams, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

This case involves a dispute over the calculation of the 2-year statute of limitations under the State Tort Claims Act (STCA).[1] The district court for Douglas County dismissed the action as time barred, and the Nebraska Court of Appeals affirmed.[2] On further review, we agree the claim is time barred and affirm the dismissal.

## BACKGROUND

According to the allegations of the complaint, on January 15, 2013, Stacey L. Komar learned that an employee of the State of Nebraska had accessed her electronically stored medical records without her permission. Approximately 17 months

---

[1] See Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2014).

[2] *Komar v. State*, 24 Neb. App. 692, 897 N.W.2d 310 (2017).

later, on June 27, 2014, Komar presented a tort claim to the Risk Manager for the State Claims Board alleging the employee had invaded her privacy by accessing her medical records without permission. Under the STCA, Komar had to present her claim to the Risk Manager as a prerequisite to bringing suit.[3]

Komar's claim remained pending before the State Claims Board for more than 1 year without final disposition. On July 14, 2015, she withdrew the claim. The next day, Komar filed a complaint in the Buffalo County District Court, alleging invasion of privacy and naming as defendants the State of Nebraska, the Board of Regents of the University of Nebraska, and Nebraska Medicine (collectively the State).

DISTRICT COURT ACTION

The State moved to dismiss Komar's complaint, arguing it was barred by the STCA statute of limitations set out in § 81-8,227(1). That statute provides:

> [E]very tort claim permitted under the [STCA] shall be forever barred unless within two years after such claim accrued the claim is made in writing to the Risk Manager in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.

This court has held that the 2-year limitations period referenced in § 81-8,227(1) governs not just the time for submitting claims to the Risk Manager, but also the time for beginning suit.[4]

---

[3] See §§ 81-8,212 and 81-8,213.

[4] *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996), *overruled on other grounds, Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002).

In analyzing the timeliness of Komar's complaint, the district court found her claim accrued on January 15, 2013—the date she learned of the alleged invasion of privacy. It reasoned that under § 81-8,227(1), Komar had until January 15, 2015, to file her complaint, unless the 6-month extension applied. No party has disputed either the accrual date or this preliminary calculation of the applicable limitations period.

Komar claimed she was entitled to the 6-month extension under § 81-8,227(1) and argued the extension began to run on the date she actually withdrew her claim, so her complaint filed the next day would be timely. The State argued that under this court's holdings in *Coleman v. Chadron State College*[5] and *Hullinger v. Board of Regents*,[6] the 6-month extension began to run on the first day Komar could have withdrawn her claim, not on the date she actually withdrew it.

In both *Coleman* and *Hullinger*, this court held:

> "[A] claimant who files a tort claim with the Risk Manager of the State Claims Board 18 months or more after his or her claim has accrued, but within the 2-year statute of limitations, *has 6 months from the first day on which the claim may be withdrawn from the claims board in which to begin suit*."[7]

The district court found the first day Komar could have withdrawn her claim to begin suit was December 28, 2014, and, applying the rationale from *Coleman* and *Hullinger*, calculated that the last date on which Komar could timely have filed suit was June 28, 2015. Because she did not file suit until July 15, the district court dismissed her action as time barred. Komar appealed.

---

[5] *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991), overruled on other grounds, *Collins, supra* note 4.

[6] *Hullinger, supra* note 4.

[7] *Id.* at 871-72, 546 N.W.2d at 783 (emphasis supplied) (quoting *Coleman, supra* note 5).

## Court of Appeals

The Court of Appeals affirmed.[8] Like the district court, it reasoned Komar's claim accrued on January 15, 2013, and she had 2 years thereafter to bring suit unless the 6-month filing extension of § 81-8,227(1) applied. In addressing whether Komar was entitled to the filing extension, the Court of Appeals reasoned:

Komar . . . filed her claim with the [Risk Manager] on June 27, 2014, a little more than 17 months after her claim accrued, but still within the 2-year statute of limitations. Pursuant to the language of § 81-8,213, Komar could have withdrawn her claim from the [State Claims] Board and filed her complaint in the district court as early as December 28, 2014. On December 28, there remained approximately 19 days before the expiration of the 2-year statute of limitations for Komar's claim. If Komar had withdrawn her claim during these 19 days, she would have had an additional 6 months from the date of her withdrawal to file her complaint in the district court, pursuant to the language of § 81-8,227(1). However, Komar did not withdraw her claim from the Board until July 14, 2015, almost 6 months after the 2-year statute of limitations had expired.[9]

Like the district court, the Court of Appeals calculated June 28, 2015, was the last date on which Komar could timely have filed suit. Because she did not file suit until July 15, the Court of Appeals concluded Komar's action was time barred and affirmed the district court's dismissal.

Komar petitioned for further review, urging this court to overrule our holdings in *Coleman* and *Hullinger* and interpret § 81-8,227(1) to authorize a 6-month filing extension that runs from the date a claim is actually withdrawn, rather than the first date on which the claim could have been withdrawn

---

[8] *Komar, supra* note 2.
[9] *Id.* at 696, 897 N.W.2d at 313-14.

under § 81-8,213. We granted further review to address the proper application and computation of the 6-month filing extension under this factual scenario.

## ASSIGNMENT OF ERROR

On further review, Komar assigns several errors which we consolidate into one: The Court of Appeals erred in concluding her complaint was time barred under § 81-8,227(1).

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[10]

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[11]

## ANALYSIS

### Statutory Background

[3,4] Tort claims against the State are governed by the STCA. Before suit can be filed under the STCA, a claimant must submit the claim in writing to the Risk Manager within 2 years after the claim accrued.[12] Generally speaking, a claimant cannot file suit under the STCA until the Risk Manager or State Claims Board makes a final disposition of the claim.[13] However, if no final disposition of a claim has been made after 6 months, the claimant is permitted to withdraw the claim and file suit under the STCA.[14]

---

[10] *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

[11] *Id.*

[12] § 81-8,227(1).

[13] § 81-8,213.

[14] *Id.*

[5,6] The 2-year limitations period referenced in § 81-8,227(1) governs not just the time for submitting claims to the Risk Manager, but also the time for beginning suit under the STCA.[15] Under certain circumstances, the STCA provides a 6-month extension for beginning suit:

> The time to begin suit under [the STCA] shall be extended for a period of six months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.[16]

### OVERVIEW OF CASE PRECEDENT

This court has had several opportunities to interpret and apply the 6-month filing extension of § 81-8,227(1). We have addressed its application when the State Claims Board makes a final disposition[17] and when a claimant withdraws the claim to begin suit, as Komar did here.[18]

This court first interpreted § 81-8,227 in *Coleman v. Chadron State College*.[19] In that case, the tort claim was submitted to the State Claims Board 22 months after the cause of action accrued. Ten months later, the board had not made final disposition, so the claimant withdrew the claim and, a few weeks later, filed suit in district court. The district court dismissed the action as time barred, and the claimant appealed.

---

[15] *Hullinger, supra* note 4.

[16] § 81-8,227(1).

[17] See, *Collins, supra* note 4, *disapproved on other grounds, Geddes v. York County*, 273 Neb. 271, 729 N.W.2d 661 (2007); *Sharkey v. Board of Regents*, 260 Neb. 166, 615 N.W.2d 889 (2000), *abrogated on other grounds, A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010).

[18] See, *Hullinger, supra* note 4; *Coleman, supra* note 5.

[19] *Coleman, supra* note 5.

We observed that under § 81-8,227(1), the 2-year limitations period "shall be extended for a period of six months from . . . the date of withdrawal of the claim under section 81-8,213 if the [2-year period] to begin suit would otherwise expire before the end of such period." We provided an example of how the 6-month extension would work in a typical case:

> If, for example, one filed his or her claim in the 17th month after the claim accrued and withdrew the claim in the 23rd month after it accrued, § 81-8,227 provides that he or she is given an additional 6 months in which to file suit, as the 2-year period of limitation would otherwise expire during the ensuing 6 months.[20]

In *Coleman*, the defendant argued the claimant was not entitled to the 6-month extension, because by the time the claimant withdrew his claim to file suit, the 2-year limitations period already had expired. This court recognized the "dilemma" confronted by those who submitted claims to the State Claims Board 18 months or more after their claim accrued, but within the 2-year limitations period.[21] We described these claimants as "fourth quarter" claimants,[22] and we observed that the interplay between §§ 81-8,213 and 81-8,277(1) presented a predicament for such claimants:

> The source of [the claimant's] predicament is § 81-8,213. As stated, that section mandates that before suit may be filed in court, a claim may not be withdrawn from the State Claims Board for at least 6 months. In order to comply with § 81-8,213, [the claimant], who filed his claim with the board in the 22d month after his claim accrued, was prevented from filing his lawsuit in the district court before the 24-month statute of limitations ran. In essence, one statute prevents filing of a

---

[20] *Id*. at 499, 466 N.W.2d at 532.

[21] *Id.* at 500, 466 N.W.2d at 532.

[22] *Id.* at 501, 466 N.W.2d at 533.

claim in court and another requires filing of that same claim in court. This appears to be a classic example of the "right hand not knowing what the left hand is doing."[23]

We applied the statutory rule of construction that a court will, if possible, avoid construing a statute in a way that leads to absurd, unjust, or unconscionable results,[24] and we held:

A statutory scheme which precludes one from withdrawing a claim from the State Claims Board and thereby prevents that person from filing suit before the statute of limitations runs leads to absurd, unjust, or unconscionable results. We, therefore, hold that a claimant who files a tort claim with the Risk Manager of the State Claims Board 18 months or more after his or her claim has accrued, but within the 2-year statute of limitations, has 6 months from the first day on which the claim may be withdrawn from the claims board in which to begin suit. This interpretation ensures that effect is given to the legislative intent embodied in §§ 81-8,213 and 81-8,227 and that both are applied in a consistent and commonsense fashion. Furthermore, fourth-quarter claimants are given the same opportunity as those who file earlier to withdraw their claim and file suit within 6 months thereafter.[25]

Because the claimant in *Coleman* filed his lawsuit within 6 months after the first day on which he could have withdrawn his claim, we found the 6-month extension applied to render his lawsuit timely.

Five years later, in *Hullinger v. Board of Regents*,[26] we applied the same rule to a different factual scenario. The

---

[23] *Id.* at 499, 466 N.W.2d at 532.

[24] See, *Dean v. State*, 288 Neb. 530, 849 N.W.2d 138 (2014); *In re Boundaries of McCook P.P. Dist.*, 217 Neb. 11, 347 N.W.2d 554 (1984).

[25] *Coleman, supra* note 5, 237 Neb. at 501, 466 N.W.2d at 533.

[26] *Hullinger, supra* note 4.

claimant in *Hullinger* submitted his claim to the State Claims Board just 2 days before the end of the 2-year limitations period. He let the claim pend for more than a year before he withdrew it, and 5½ months later, he filed suit in district court. We reiterated the rule, announced in *Coleman*, that fourth-quarter claimants have 6 months from the date the claim first could have been withdrawn from the board in which to begin suit.

But unlike the claimant in *Coleman*, we found that by the time the claimant in *Hullinger* withdrew his claim and filed suit, the 6-month extension period had already expired. The claimant in *Hullinger* urged an interpretation of § 81-8,227(1) that would allow claimants to withdraw a claim at any point after the 6-month repose period and still receive an additional 6 months after withdrawal to begin suit. We rejected that interpretation as inconsistent with *Coleman* and contrary to the purposes of a statute of limitations. We noted such a construction would effectively allow claimants to extend the 2-year limitations period for as long as they wanted and then receive an additional 6 months to file suit once they finally withdrew the claim. We observed that "[t]he mischief which a statute of limitations is intended to remedy is general inconvenience resulting from delay in assertion of a legal right which it is practicable to assert."[27]

In *Sharkey v. Board of Regents*,[28] we again considered the applicability of the 6-month extension under § 81-8,822(1). In that case, the claimants' cause of action accrued on October 6, 1993. The claimants submitted their first claim to the State Claims Board on February 15, 1994, and received notice of the board's denial roughly 4 months later on June 13, 1994. They submitted a second claim on January 24, 1995, and that claim was denied on June 2, 1995. Thereafter, the claimants filed suit on their claims in district court on September 20, 1995.

---

[27] *Id*. at 873, 546 N.W.2d at 784.

[28] *Sharkey, supra* note 17.

Although suit had been filed within 2 years of the date the claim accrued, the district court dismissed the suit as untimely, reasoning the claimants had not begun suit within 6 months after receiving notice that their first claim had been denied. We noted that the rule announced in *Coleman* was an extension of time in which to bring suit, not a limitation as the district court concluded. Because the claimants in *Sharkey* had filed suit within 2 years of the accrual of their claim, we held their suit was timely, and the 6-month extension under § 81-8,227(1) was inapplicable.

And finally, in *Collins v. State*,[29] we had the opportunity to consider how the 6-month extension under § 81-8,227(1) is calculated when a claimant elects not to withdraw the claim after 6 months and instead waits for the State Claims Board to make a final disposition. The claimant in *Collins* submitted her claim to the board 6 days before the 2-year limitations period expired. More than 7 months later, the board rejected the claim. The claimant in *Collins* filed suit on the claim just over 5 months later. The district court applied the reasoning of *Coleman* and *Hullinger*, and found the suit was time barred because it had been filed more than 6 months after the first date on which the claim could have been withdrawn. On appeal, we explained that our holdings in *Coleman* and *Hullinger* do not apply when a claimant allows the board to reach a decision:

> Under the plain language of § 81-8,227, a claimant has 6 months to file suit after notice of the denial of the claim is mailed by the claims board. The reasoning of *Coleman* and *Hullinger* does not apply to claims that are decided by the claims board. Accordingly, we hold that a claimant who files a tort claim with the Risk Manager of the State Claims Board 18 months or more after his or her claim has accrued, but within 2 years as provided by § 81-8,227(1), has 6 months to file suit from the date

---

[29] *Collins, supra* note 4.

the board gives written notice to the claimant as to the final disposition of the claim. . . . Because [the claimant] filed suit within 6 months after the claims board denied her claim, her suit was not time barred.[30]

[7] These cases illustrate the following general rules for calculating the statute of limitations under the STCA. Claimants who allow the State Claims Board to reach a decision must file suit on the claim within 2 years after the claim accrued, or within 6 months after the board mails notice of final disposition, whichever occurs later.[31] On the other hand, claimants who withdraw their claim must file suit on the claim within 2 years after the claim accrued, or within 6 months after the first date on which the claim could have been withdrawn, whichever occurs later.[32]

### Komar's Action Is Time Barred

Applying these principles to the present case, we agree with the district court and the Court of Appeals that Komar's suit is time barred. Komar's claim accrued on January 15, 2013. She filed her claim with the Risk Manager for the State Claims Board on June 27, 2014, a little more than 17 months after it accrued and well within the 2-year statute of limitations. Section 81-8,213 prevented Komar from withdrawing her claim for a period of 6 months.

Nebraska has a statutory rule for computing time,[33] and we have held this rule governs time calculations of the 6-month time period under the STCA.[34] As such, the 6-month period is computed by excluding the day the claim was filed, and including the last day of the period unless it falls on a

---

[30] *Id.* at 272, 646 N.W.2d at 621.

[31] *Id.*; *Sharkey, supra* note 17.

[32] See, *Hullinger, supra* note 4; *Coleman, supra* note 5.

[33] See Neb. Rev. Stat. § 25-2221 (Reissue 2016).

[34] See *Geddes, supra* note 17.

Saturday, Sunday, or a day on which the courts of record may legally be closed, in which event the period shall run until the end of the next day on which the courts of record will be open.[35] Using this computation, the district court and Court of Appeals found the first day on which Komar could have withdrawn her claim was December 28, 2014. However, because that date fell on a Sunday, the first date on which Komar could have withdrawn her claim was actually December 29, 2014.

If Komar had withdrawn her claim on December 29, 2014, she would have been entitled to the 6-month filing extension under the plain language of § 81-8,227(1), because the 2-year statute of limitations would otherwise have expired during the ensuing 6-month period. Indeed, the typical factual scenario Justice Fahrnbruch described in *Coleman* in 1991 is precisely how the 6-month extension would have functioned in the present case if Komar had withdrawn her claim on the first date allowed by § 81-8,213.

But Komar did not withdraw her claim until much later, on July 14, 2015, and did not file suit until July 15. By that time, the 2-year statute of limitations had expired, as had the 6-month extension under § 81-8,227. The district court and Court of Appeals correctly found this action was time barred.

Komar urges this court to overrule our holdings in *Coleman* and *Hullinger*, and instead interpret § 81-8,227(1) to authorize a 6-month filing extension that runs from the date a claim is actually withdrawn, rather than the first date on which the claim could have been withdrawn under § 81-8,213. For the same reasons we rejected this interpretation in *Hullinger*, we reject it here. Such a construction would allow claimants to extend the 2-year limitations period for as long as they wanted and then receive an additional 6 months to file suit once they finally withdrew the claim. In addition, the

---

[35] *Id.*

expansive interpretation urged by Komar runs contrary to the settled rule that statutes purporting to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign.[36]

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Appeals.

AFFIRMED.

KELCH, J., not participating in the decision.
WRIGHT, J., not participating.

---

[36] See *Amend, supra* note 10.